IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

BILLY GAY ALLS, #161 437   *

   Petitioner,   *

   v.   * CIVIL ACTION NO. 3:05-CV-1228-F

GWENDOLYN MOSLEY, WARDEN,   *
*et al.*,
        *

   Respondents.
_____

**ORDER**

The instant application for habeas corpus relief was filed by Petitioner, Billy Alls, on December 23, 2005.[1] He seeks to challenge his 1991 convictions for murder and first degree robbery entered against him by the Circuit Court for Randolph County, Alabama. Upon review of the instant petition, and in light of the statute of limitations applicable to the filing of habeas corpus actions,[2] the undersigned concludes that a limited response from Respondents is necessary to determine whether Petitioner is now time-barred from filing the instant action. Consequently, Respondents shall be directed to provide a limited response

---

[1] Although the present petition was stamped "filed" in this court on December 27, 2005, Petitioner's request to proceed *in forma pauperis*, which was filed simultaneously with the instant petition, was signed by Petitioner on December 23, 2005. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition and *in forma pauperis* declaration] w[ere] delivered to prison authorities the day [Alls] signed [them] . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court construes December 23, 2005 as the date of filing.

[2] *See* 28 U.S.C. § 2244(d)(1).

to the instant petition for habeas corpus relief focusing entirely on the applicability of the statute of limitations in this particular case pursuant to the provisions found in 28 U.S.C. § 2244(d). Should Respondents' response to the instant order indicate that this case must proceed on the merits, Respondents will be given an adequate opportunity to file their answer.

Accordingly, it is ORDERED that:

1. Counsel for Respondents FILE a limited response as directed herein within twenty (20) days of service of this order on the Attorney General for the State of Alabama; and

2. The Clerk is DIRECTED to serve a copy of the petition and this order to the Attorney General for the State of Alabama and cause a copy of the same to be served upon Warden Gwendolyn Mosley.

Done, this 9th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE