IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BILLY GAY ALLS, ) | |
| #161437, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO. |
| ) | 3:05-CV-1228-F |
| ) | |
| GWENDOLYN MOSLEY, Warden, ) | |
| *et. al.*, ) | |
| ) | |
| RESPONDENTS. ) | |

## RESPONDENTS' ANSWER TO COURT'S
## ORDER TO SHOW CAUSE

Come now Respondents, in the above case, and file their answer in response to this Court's Order to Show Cause dated January 9, 2006. In support of their answer, Respondents present the following answer, supporting memorandum brief, and exhibits.

## PROCEDURAL HISTORY

Petitioner, Billy Gay Alls (Alls), was initially indicted by the Randolph County Grand Jury in two separate indictments for murder with first degree theft and capital murder. (Exhibit A) After initially entering not guilty pleas, Alls appeared with his attorneys on February 4, 1991 and expressed to the trial court his

desire to enter guilty pleas to lesser-included charges based upon a plea agreement. (Exhibit A) Based upon the plea agreement, Alls entered guilty pleas to murder and to first degree robbery. All other charges were nolle prossed and dismissed. (Exhibit A) Alls was sentenced in accordance with the plea agreement to two life sentences to run consecutive. (Exhibit A) Alls did not appeal his convictions and sentences.

On April 11, 2005, approximately 14 years after he entered his guilty pleas, Alls filed a Rule 32 petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, in the Randolph County Circuit Court challenging his convictions and sentences. (Exhibit B) Alls alleged in his Rule 32 petition that the Constitution of the United States or the State of Alabama requires he receive a new trial, a new sentence proceeding or other relief because his conviction was obtained by a plea of guilty which was unlawfully induced and not made voluntarily with an understanding of the nature of the charges against him; his conviction was obtained by the use of a coerced confession; his conviction was obtained by the use of evidence from an unlawful arrest; his conviction was obtained by the constitutional failure of the prosecution to disclose favorable evidence; his conviction was obtained by a violation of the protection against double jeopardy; he did not receive effective assistance of counsel; the court was without jurisdiction to render judgment to impose sentence; and, the sentence imposed exceeds the maximum

authorized by law. (Exhibit B) Alls attached exhibits in support of his Rule 32 petition. (Exhibit B) To date, a final ruling has not been entered in Alls's Rule 32 petition filed in Randolph County.

Respondents note that in an effort to receive a ruling on his Rule 32 petition, Alls filed a mandamus petition in the Alabama Court of Criminal Appeals. (Exhibit C) Within his mandamus petition, Alls restated the procedural history of his Rule 32 petition and the claims he raised therein. (Exhibit C) On September 21, 2005, the Alabama Court of Criminal Appeals entered an order denying and dismissing Alls's petition for mandamus. (Exhibit C) Alls's petition for mandamus was also denied and dismissed by the Supreme Court of Alabama. (Exhibit C)

### ALLS'S FEDERAL HABEAS CLAIMS

On December 23, 2005, Alls filed a federal writ of habeas corpus petition in this Court. Alls amended his petition on January 31, 2006. Alls alleges:

GROUND ONE: Withdrawal of guilty plea because invalid sentence.

GROUND TWO: Denial of and/or ineffective assistance of counsel.

GROUND THREE: Failure of prosecutor to disclose favorable evidence.

GROUND FOUR: Sentence exceeds maximum authorized by law or is otherwise not authorized by law.

> GROUND FIVE: Plea agreement violated because not sentenced in accordance with agreement.
>
> GROUND SIX: Actual innocence.

(Alls's petition and amendment) On January 9, 2006 and February 10, 2006, this Court entered orders requiring Respondents to show cause why Alls's federal writ of habeas corpus petition and amendment should not be granted.

## ANSWER TO THE PETITION

1. Respondents admit Alls is being held in the state penitentiary pursuant to lawful convictions for murder and first-degree robbery with two consecutive life sentences. Alls's convictions and sentences were entered in the Circuit Court of Randolph County, Alabama.

2. Respondents deny that any of Alls's rights under the Constitution of the United States or under any federal statute or treaty have been abridged.

3. Respondents deny each and every allegation contained in Alls's petition and amendment.

4. Alls's federal habeas corpus petition is barred by the one-year statute of limitation.

# MEMORANDUM BRIEF IN
# SUPPORT OF ANSWER[1]

Alls's allegations are barred from consideration by this Court because his federal writ of habeas corpus petition and amendment were filed in violation of the one-year statute of limitation expressed in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). The one-year statute of limitation of the AEDPA is codified in Title 28 U.S.C. §2244(d), and provides:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Respondents will only address the one-year statute of limitation violation presented by Alls's federal writ of habeas corpus petition. Respondents do not waive their procedural default claims and reserve the right to raise any procedural default claims should this Court conclude Alls's federal habeas corpus petition is not barred by the one-year statute of limitation.

5

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 28 U.S.C. §2244(d)(1)(A), requires a federal habeas petitioner to file a petition for writ of habeas corpus within at least one year after his state conviction becomes final.

First, Alls did not appeal his state convictions and sentences. His convictions and sentences became final at the expiration of his 42 days to take a direct appeal, on March 16, 1991. Alls's convictions and sentences became final before the enactment of the AEDPA in 1996. Alls's could have taken advantage of the "equitable application to challenge his convictions and sentences via a federal habeas petitoin. Under "equitable application" petitioners were allowed a one-year moratorium until April 24, 1997, to file their federal habeas petition, despite the finality date. See Wilcox v. Florida Department of Corrections, 158 F. 3d 1209, 1211 (11th Cir. 1998). Alls's federal habeas petition in this case was filed eight years after the April 24, 1997 deadline. Thus, Alls's federal writ of habeas corpus petition was untimely filed. Alls's federal habeas petition, however, could be addressed by this Court, if he is able to take advantage of the tolling provisions. Based upon the facts, however, Alls's federal habeas petition violates the one-year statute of limitation and should be denied.

Second, Alls also cannot take advantage of the tolling provision in the AEDPA provision codified in Title 28 U.S.C. §2244(d)(2). The tolling provision tolls the one-year statute of limitation, if a state post-conviction petition is "properly filed" within the one-year period following a state direct appeal.

Here, Alls did not properly file a post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure (ARCrP) within the one-year time period. Alls's Rule 32 petition was filed approximately 14 years after his convictions became final. Alls's convictions became final March 16, 1991. He did not file his federal habeas corpus petition until December 23, 2005. Because Alls did not follow established state procedures by filing a Rule 32 petition within the required statute of limitation period, his state habeas corpus petition had no effect on the one-year statute of limitation under the AEDPA. Thus, Alls's federal habeas corpus petition is untimely filed.

Third, Alls also cannot take advantage of "equitable tolling." This procedure allows a federal habeas petitioner to seek federal habeas review even if he failed to follow established deadlines and imposed statute of limitation provisions. See Pace v. Diguglielmo, 125 S.Ct. 1807 (2005). In Pace, the Supreme Court of the United States affirmed the denial of Pace's federal habeas corpus petition on the basis of a statute of limitation violation. Pace failed to timely file a state post-conviction petition. His failure to timely comply with

7

established procedural state rules prevented his federal habeas petition from being addressed on the merits.

Similarly in Rivers v. U.S., 416 F.3d 1319 (11th Cir. 2005), the Eleventh Circuit Court of Appeals denied a petitioner's request for federal habeas review because he did not timely seek review of his claims in state court. Rivers challenged his 1996 federal conviction for conspiracy to possess cocaine. His conviction became final on February 17, 1997. He filed a state post-conviction proceeding on April 16, 2001 that vacated his 1987 state drug conviction that was used to enhance his 1996 federal conviction. On September 23, 2002, Rivers filed a petition in federal court seeking review of his 1996 federal conviction. The Eleventh Circuit held that the vacating of Rivers's state conviction qualified as a triggering mechanism to not apply the one-year statute of limitation. Rivers, at 1322. The Eleventh Circuit, however, held that, because Rivers waited four years to challenge his state conviction, his federal petition would not be reviewed. Because Rivers did not "timely" seek review in state court, he failed to use "due diligence" in addressing his claims. Id. Consequently, Rivers could not take advantage of equitable tolling, and his federal petition was denied based upon a statute of limitation violation.

Here, Alls did not "properly" file his Rule 32 petition challenging his convictions and sentences in state court. His Rule 32 petition was filed more than

14 years after the finality of his convictions and sentences. His late filing is in total violation of the statute of limitation rules provided in Rule 32.2(c), ARCrP.

Alls also has not exercised "due diligence" in having his claims reviewed in state court. He knew or should have known about his claims of an alleged violation of his plea agreement. If true, this information is not newly discovered facts. Alls knew about his sentence on the day he entered his guilty pleas. If he was not satisfied, he should have filed a motion to withdraw his guilty plea, challenged his convictions and sentences on direct appeal, or timely filed a post-conviction proceeding. Alls's 14-year delay is contributed to his own efforts. Alls's failure to timely and properly seek state review of his claims prevents him from taking advantage of equitable tolling, and the provision for newly discovered evidence and facts provided in 28 U.S.C. § 2244(d)(1)(D). Thus, his federal habeas corpus petition should be dismissed.

Moreover, Alls's alleges that his first degree robbery and murder conviction are invalid because he is actually innocent of the offenses. Alls, however, has not presented any evidence to support his claim of actual innocence. He presents blank allegations on an alleged alibi. Alls's allegations do not negate his valid guilty pleas. Alls did not appeal his guilty pleas, and he has not properly challenged his guilty pleas. Thus, Alls's allegation is insufficient to meet the

9

actual innocence test as explained by the Supreme Court of the United States in Schlup v. Delo, 513 U.S. 298 (1995).

In Schlup, the Court adopted the definition of actual innocence as stated in Murray v. Carrier, 477 U.S. 478 (1986): "Accordingly, we hold that the Carrier 'probably resulted' standard rather than the more stringent Sawyer standard must govern the miscarriage of justice inquiry when a petitioner who has been sentenced to death raises a claim of actual innocence to avoid a procedural bar to the consideration of the merits of his constitutional claims." Schlup, 513 U.S. at 326.

"The Carrier standard requires the habeas petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent....' To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. Furthermore, the Court stated that "[a]s used in Carrier, actual innocence is closely related to the definition set forth by this Court in Sawyer. To satisfy the Carrier gateway standard, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327.

Under this standard, Alls cannot show that he is actually innocent. Alls has presented no facts or evidence to support his claim of innocence. Rather, the facts

10

before this Court support Alls's first degree robbery and murder convictions. Alls pleaded guilty and agreed to the sentences he now alleges are illegal. Alls has not provided any facts that he did not commit the crimes wherein he entered valid guilty pleas. Therefore, Alls's actual innocence claim is insufficient, and it does not negate the statute of limitation. Consequently, his federal habeas corpus petition should be denied accordingly.

Finally, in making the above statute of limitation argument, Respondents are fully aware that Alls's Rule 32 petition is still pending in the Randolph County Circuit Court. As discussed, above, Alls's Rule 32 petition was untimely filed and has no effect on the "tolling" of the statute of limitation for his federal habeas petition of his federal habeas corpus petition presently before this Court. A delay in a ruling will be a waste of judicial economy. Therefore, Respondents urge this Court to decide Alls's federal habeas corpus petition, and deny it based upon a violation of the one-year statute of limitation.

## EXHIBITS

A - Clerk's record in CC-90-008 and CC-90-007

B - Clerk's record in CC-90-007.60 (Rule 32 petition)

C - Mandamus records

## CONCLUSION

Based upon the foregoing, Alls's federal habeas corpus petition should be denied based upon a violation of the one-year statute of limitation.

Respectfully submitted,

s/Yvonne A. H. Saxon (Sax003)
Yvonne A. H. Saxon (Sax003)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: ysaxon@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Billy Gay Alls, AIS #161437, 200 Wallace Drive, Clio, AL 36017.

                                              Respectfully submitted,

                                              s/Yvonne A. H. Saxon (Sax003)
                                              Yvonne A. H. Saxon (Sax003)
                                              Office of the Attorney General
                                              Alabama State House
                                              11 South Union
                                              Montgomery, AL 36130-0152
                                              Telephone: (334) 242-7300
                                              Fax: (334) 242-2848
                                              E-Mail: ysaxon@ago.state.al.us

107200/89679-001