IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

BILLY GAY ALLS, #161 437                 *

    Petitioner,                              *

v.                                       *          3:05-CV-1228-MEF
                                                         (WO)
GWENDOLYN MOSLEY, WARDEN, *et al.*,       *

    Respondents.                            *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Billy Alls ["Alls"], a state inmate, on December 23, 2005. Alls seeks to challenge the convictions, pursuant to his pleas of guilty, for murder and first degree robbery entered against him by the Circuit Court for Randolph County, Alabama, on February 4, 1991. Alls did not appeal his convictions.

In accordance with the orders of this court, Respondents filed an answer in which they argue that the petition for habeas corpus relief is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[1] as it was not filed within the one-year "grace period" allowed in this Circuit. Specifically, Respondents assert that because Alls's became final before the effective date of the AEDPA, he was allowed

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

until April 24, 1997 in which to file a § 2254 petition. Although Alls filed a state post-conviction petition challenging his convictions on April 11, 2005, Respondents assert that it had no effect on the limitation period as Alls's collateral challenge was filed after the limitation period expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). Furthermore, Respondents assert that even though a final ruling has not been entered in Alls's post-conviction petition, he is not entitled to equitable tolling of the federal limitation period because he failed to timely seek review of his claims in state court. *See Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir. 2005). Because Alls's convictions became final prior to April 24, 1996, he had until April 24, 1997 to challenge his 1991 murder and first degree robbery convictions.

      Upon review of the pleadings filed in this case, it appears to the court that Alls failed to file the instant § 2254 petition within the time allowed by the law of this Circuit.

      28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Petitioner was convicted of murder and first degree robbery by the Circuit Court for Randolph County on February 4, 1991. Since Alls failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of this conviction. By operation of law, Alls's conviction, therefore, became final on March 18, 1991 - forty-two days after imposition of sentence as this is the date on which

his time to seek direct review expired.[2]  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.

In light of the foregoing, it is clear that Alls's murder and first degree robbery convictions became final prior to enactment of the AEDPA.  Thus, if the AEDPA were applied retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Alls's convictions on March 17, 1992.  However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Alls], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).  The Court further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date."

As previously noted, Alls's convictions became final in March 1991.  The applicable limitation period therefore began to run on April 24, 1996 upon enactment of the AEDPA and ran uninterrupted until its expiration.  In light of the foregoing, the time allowed Alls for the filing of a federal habeas petition expired on April 24, 1997.

---

[2] Petitioner lists the date of his conviction as December 12, 1992. December 12, 1992 was a Saturday. The precise date of Petitioner's conviction is not entirely clear from the documents and records before the court, but the court is satisfied from the record before it that Petitioner's conviction became final by operation of law in early 1993.

3

The instant habeas petition was filed on December 23, 2005. Under the circumstances of this case as outlined herein, the reasonable time period afforded Alls under *Goodman* and *Wilcox* expired over eight (8) years prior to his filing this federal habeas petition. Accordingly, it is

ORDERED that on before April 3, 2006 Alls shall show cause why the instant petition for federal habeas corpus relief should not be dismissed as it was not filed within a reasonable time after enactment of the AEDPA.

DONE, this 15th day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE