In The United States District Court
Middle District of Alabama

RECEIVED
2006 APR -4 A 9: 32

Billy Gay Alls
V
Gwendolyn Mosley

3:05-cv-1228

Petitioner Reply to Respondants Answer to Magristrates order

Into this Court Comes Billy Alls (Alls) by and through himself, And does now submit his Reply to the Answer by Yvonne Saxon (Saxon) Attorney for the Respondants.

Alls Agrees with Saxon Statement of two seperate Indictment (1) For murder And First degree theft "Grand Jurys No. 67 + 68 CC-90-008 And (2) Capital murder, Grand Jury No 66 CC-90-007. Saxon, Exhibit (A) this Exhibit have been Altered As the Exhibits (1) Alls is including herein.

Alls did Agree to A Plea Agreement said Agreement was never to the Court at the Plea hearing said Agreement was A Plea of guilty to murder CC-90-008 for A Prison sentence of twenty (20) Years with A gurAranteed Parole After serving Eight (8) year in prison and Also Agreeing not to Appeal see

1

Ex-Parte Yarber 437 So 2d 1330" also Clark V ST 318 So 2d 805; 46 Led 2d 270 plus Sides V ST 575 So 2d 1232" And Bland V ST 565 So 2d 1240 Brewster V ST 624 So 2d 217 Ex-Parte Pardue 797

Alls was Instead Plea guilty by his Attorney Thomas Jones (Jones) To the Indictment #66 CC-90-007 Capital Murder And Also to the unindicted charge of Robbery 1st Alls was plead guilty to CC-90-007 Allegedly to be A Plea to the Lesser charge or CC-90-008 Which According to Saxon Exhibit (A) The sentencing order. CC-90-008 grand jury 67-68 murder and theft 1st were Nolle Prossed. Clearly it is Impossible to Adjudge Any guilty of A crime And in the Same order Nolle Pross the same charge this would Render the finding of guilty And sentence void. Alls his Clearly Established Federal And Constitutional Right of Due Process And A Fair trial See Bonego V US 975 F Supp. 520, triestman 124 F 3d 378 (N.21), Schlup 513 US 324 - 115 Sct § 866.

Alls would Reply to Saxon Claim that he did Not try to Challenage his conviction for 14 year As Not true Claim Even the Altered Records Saxon did submit Case Action Summary of CC-90-007 + 008 Will Show Alls began his Challenage in April 1998 After the Eight (8) year in Prison Jones told him to Serve.

Clearly Saxon allegation that A11s petition for a reduction in sentence is untimely does know or should know that a Rule 32 petition that raise a jurisdictional issue is not time barred by any such limitation see Rule 32.1 (A-c) 32.2 (c) Also Nelson v State WL 316 28 768 (AIA APR 2002) WL 212 05 837 (AIA 2003) and Exparte Pardue 797 So 2d  Also see Rules Criminal Pro. 26.12 (c) Taylor v State 846 So 2d 1111 (AIA APP. 2002) And Moore v State 814 So 2d 308 Also See Exhibit #1.

A11s still has a Rule 32 petition pending in the Circuit Court of Randolph County since 4-11-05. Clearly the very fact that the prosecutor is in gross default pursuant to the laws Rule 32.7 (A) AIA Crim Pro. The failure of the State to dispute deny or argue the claims raised by A11s would mean that the trial court must except these issues claims as true and factual and there by grant the relief sought by A11s see Cooper v Pate 378 US 546, 12 Led 2d 1030 84 Sct 1733, Plus Cramer v Skinner 931 F 2d 1020 Clearly Saxon Exhibit A-(Altered) and the fact in this instant cause all point to the court is now due to grant this writ or in the very least alternative hold an Evidenturry hearing.

3

Clearly 28 USC § 2244(d)(1) does not apply in this instant cause due to the fact that Allis did comply with the clearly erroneous false information he received from Jones, and was delaied by not knowing the law nor how to file proper attack on his conviction by the State Refusal to Release the Case Record.

Allis would ask Saxon how she can deny all of the claims Allis Raised with out any knowledge of the fact in this case? Would Saxon explain how she can make a statement on (P.5) and then argue in a completely opposite direction on (P.4) of the same written document and then enter still further on P5 a frivoless claims of an alleged statute of limitation imposed by the State that she know is a false claim See Ex-Parte Pardue 797 So 2d ___ plus Salter v State 606 So 2d 209 Rule 32.1 (A)(E)(F).

4

## Statement of the Case

This case began when the Grand Jury of Randolph County issued two seperate indictment against Petitioner Alls k GJ# 66, CC-90-007 plus also GJ#s 67-68 CC-90-008 said indictment were (1st) Capital murder # 66 and (2nd) murder (count 1#) Theft 1st (count 2#)

Alls was arrested on Feb. 7, 1990 and placed in the County Jail. On March 1, 1990 Attorney Tom Jones appointed as counsel for the defense an arraigment was had and a plea of not guilty entered. The Records will also show that on 4-4-90 Attorney Don Cleveland was appointed as Co-Counsel. The Record will also show that nether Defense Attorney filed any type of Discovery motion to obtain factual evidence that linked their client Alls to this alleged killing of Louis Kelly absolutly no showing of any investigation of this case by either Jones or Cleveland. This case appears to be a clear showing by the defense counsels of a set up to assist District Attorney Milford get a verdict of guilty by and through the plea of guilty which was had by the constant verbal threat of a death sentence by Attorney Tom Jones an agreement (promise)

5

was instigated by Jone That IF Allis Plead guilty he would Receive A Sentence of 20 year with the Promise of Parole After (8) eight year.

This Agreement was not Presented To The Court by Jones At The Plea hearing Also Allis was Agin Threatened with the Death Penalty if he Appealed this conviction And Sentence See the Sentencing order by Judge Dale Segrest. The Records will Show that Allis not being An Attorney And having no Education in matters of law did As Advised by Attorney Jones Waited (8) eight year when he did not make Parole As Promised he did begain to Attack his case on the 13 day of April 1998.

Allis has been Attempting to obtain The complete Record of this Case Since 4-13-98 To no Avail.

The Record will Show the Following vital and valid Factual Evidence

A There is Absolutely no Physical nor medical evidence To Link Allis To This murder. No Gun, No finger Prints, No Tire Print, no witness to Place Allis At the Place And time of said murder The only link between Allis And the victim is

6

The victims Adulterous wife PATSY who did have an intimate incounter with Allis about (67) six month prior to the victims being murdered. Allis had witness who sworn statement gave him a solid aliby for the time of the murder The Randolph County Sheriff office nor the District Attorney office ever found any evidence to link Allis to the crime other than Allis an African American man had a consentual sexual incounter with ms Patsy Kelly the victim wife about 6 month prior to his murder This is what the Investgater The Prosecution and the Court used to fine Allis guilty And to sentence him to two Life Terms

The Record will also show that Allis plead guilty to Indictment #66 (10) Capital murder and also that the Court did then allow the state to Nolle-Prossed and Dismissed this would be Indictment 67 + 68 CC-90-008 The Charg of murder and Theft 1st there fore Allis was then AdJudeg guilty and sentenced to the charge of murder that had Just been Dismissed by thy very same court How is this possible

7

# Statement of Fact

Petitioner Alls presents these vital fact

A) Alls was never indicted for the alleged charge of Robbery 1st he allegedly plead guilty to.

B) Alls entered a plea of guilty to CC-90-007 G.J. "66" Capital Murder.

C) The alleged plea agreement was not presented to Judge Segrest.

D) The plea agreement was "Alls would enter a plea of guilty to the charge of murder and receive a sentence of 20 years and a guaranteed parole after (8) eight year". The capital murder and the theft charges were to be nolle prossed and dismissed!

E) Alls did not appeal his conviction nor did he attempt to attack his sentence until he had served the (8) eight year his attorney Jones promised he would be paroled at that time. Also Judge Segrest did threaten Alls that any attack on his conviction could bring back the possible sentence to death.

8

F) Allis begain Attacking his Conviction And Two Life Sentence on The 13 day of April 1998 As The Records Will Show.

G) Allis did File A Rule 32 Post-Conviction Relief Petition on 4-11-05 To withdraw his Guilty Plea. Pursuant to Nelson v State 2003 WL 21205837 (Ala 2003). And Brown v State 495 So 2d 729; Ex Parte Pardue 797 So 2d 409 (Ala Sup 2000) Respondants Exhibit "B-"

H) This Rule 32 Petition is still Pending due To the Circuit Court of Randolph County Ignoring it no Response by The Prosecutor As Required by Law. Rule 32.7(A) Glass v State 627 So 2d 1096 Plus Coleman v State 722 So 2d 802" And Gay v State 624 So 2d 1389

I) The Records (Silent) will show That Randolph County Circuit Courts Refusal to Address the Post-conviction Petition Now Pending And the Failure to submit copies of The Plea hearing And Case Records, upon The Attorney For the Respondant would Tend to Show A possibility of Denial of Due Process Right of Petitioner As well As The very Rules governing Habeas Corpus Procedures 28 USC §§ 2241 thru 2254

J) The valid Fact that the copy of the Case Action Summaries of CC-90-007 And CC-90-008 Presente by Respondant were Altered by Some one does Show That Respondant will go to Any Length to deny Allis Justice in this Instant Cause.

9

## Conclusion

Alls avers that each and every statement and claim is true and factual as the complete record of this case will show and, Alls would challenage Saxon and this court to now review the complete record to prove him wrong by the fact not by some tenicallity in the very interest of Justice. All claim are made under penalty of perjury.

Respectfully submitted

*Billy Alls*
Billy Alls

## Certificate of Service

A true copy of the afore going has been served upon Yvonne A.H. Saxon A.A.G. by placing same in the legal mail system at E.C.F. done this **1** day of April 2006

Including Exhibits

*Billy Alls*
Billy Alls