IN The United States District Court
Middle District of Alabama

Billy Gay Allis

V

Gwendoly Mosley

RECEIVED
2006 APR -4 A 9:31
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

3:05-CV-1228-F

Petitioner Answer to the magistrates order to Show Cause

Into this Court Come Billy Allis (Allis) by And thru himself And would submit the following fact State And Federal Law And Statutes to show cause that this instant habeas corpus And Issue within must now be heard.

The Records of these instant Case CC-90-007, CC-90-008 will show that the prosecution of Allis on the frivoless charge of Capital Murder is not based on Any type of evidence obtained by the Criminal Investigater but on the plain fact that Allis A 33 year old Black man did have A short sexual affair with the victim wife A 39 year old white woman that ended about Six (6) month prior to the victims Death.
There is And was Absolutely No evidence to connect Allis to this Crime.

The Records would Also Show that Alls did Attempt to have Attorney Jones Dismissed As his Attorney of Records pursuant to the Racial Attitude Shown by Jones Toward Alls due to this Alleged Affair. (See case Action summary page) Alls would enter into A Plea Agreement the term of said Agreement were "A Plea of Guilty to Murder CC-90-008 In Return All other Charges And Indictment would be dismissed And Noll Prossed, Alls was to be sentenced to A Term twenty (20) year in Prison And A Gurranteed Parole After Serving Eight (8) Year,"

Instead All was Plead Guilty to CC-90-007 OR the Capital Murder Indictment by Jones And then Alls was sentenced to A Life Sentence because Jones did not Present the terms of the Plea Agreement to the Court (see) Schneckloth v Bustamonte 412. US 218; 93 SCt 2041, Also Hodges v Easton 106 US 408 Plus Carnley v Cochran 396 US 506; 83 Sct 884; 8 Led 2d 70. The Presumption of Waiver From A Silent Record is Impremissable" Also Review Walton v Briley 361 F 3d 431 7th Cir 04) The AEDPA did not Apply to habeas claim that was not Adjudicated on Merits In State Court 28 USC § 2254 "See Alls v State CC-90-007-60 Still pending In Randolph County Circuit Court.

Jones did also enter a plea of Guilty for Alls to the unindicted charge of Robbery 1st the Court excepted these pleas and did Adjudge Alls Guilty without the State Presenting any type of Evidence." This Plea hearing was held in the Judge Chamber "Alls was sentenced to a Life sentence to be ran consecutive with the prior Life sentence on the charge of Capital Murder CC-90-007 These sentence were past on Alls at the time of the Guilty Plea being entered by Jones (see The colague of hearing) The Issuing of the Sentencing at the Same time did Violate Alls due Process Right and the Established Statute of Alabama Law (see Ex-Parte Pardue 797 So 2d 409 (Ala 2000) also US V Cruikshank 19 US 558, 23 Led 588 Clearly the Exceptance of a felony charge without an Indictment being handed by the Grand Jury is a Gross miscarriage of Justice and a gross misuse of clearly Established Federal and Stat Statutes and Law as Determined by the Supreme Court of both the united State And Alabama see Hinton V Uchtman 395 F 3d 810 (7th Cir 2005) also Schaff V Shyder 180 F 3d 513 plus.
Garcia V Carey 395 F 3d 1099 (9th Cir 2005) clearly the Records will show that no Rational trier of fact would find the Petitioner Guilty.

The Primary Fact in this instant case is not the AEDPA 28 USC § 2244(d)(1) but whether Allis is intitied to seek and find justice through the only court he can get a response from. The United States District Court, Middle District of Alabama does have subject matter jurisdiction in this cause. See Zipes v Trans-World Airline Inc. 455 US 385, 102 S.Ct 1127 71 L.ed Ad 234. Wherein the court held,

That § 2244(d)(1) states only that a one (1) year period of limitation shall apply and does not contain any restictive language that would imply a limitation federal court jurisdiction the Sup. Ct has held that limitation period with even more limiting language that AEDPA provision could be equitable tolled see Burnett 38 ous At 426." The Doctrine of equitable tolling preserves a petitioner claim, when a strict application of the statute would be inequitable, Davis v Johnson 158 F3d 806 (N.4) Also Lambert v US. 44 F3d 296 Plus US v Flores 135 F3d 1000" And Flanagan v Johnson 154 F3d 196 Also Townsend v Saih 372 US 293 Keene v Tamary e Reyes 112 Sct 1715, Ford v Wainwright 477 US 399 Plus Wainwrigh v Sykes 433 US 72 Fay v Nole 372 US 391 28 USC § 2254(d) Rule 8, Governing § 2254 There are serious issues of judicial miscarriage of Justice here in:

Clearly the very fact that the clearly altered records presented by Respondant Attorney fall below the Requirement of 28 USC § 2249 which is a clearly established federal statute There fore the wilful Act of not Complying there to by submitting the Required Documents Certified Copies of the Indictment, Plea Cologuy. see Bundy (supra) Also 28 USC § 2244 N. 15 The States Failure to Provide necessary hearing where Facts are in dispute the Federal Court in habeas Corpus must hold evidentiary hearing McNutt V Texas 323 F 2d 662 Alis v State CC-90-007-60 Also see Davis v Pitchess 388 F. Supp 105; 518 F 2d 141

The Fact that the magistrate in this instant cause has Stated that she is confused by the Documents and Record that are before the Court the Altered Record Submitted by Respondant Attorney it is clearly an Evidentuary Hearing is due in this case to clearify the question concerning this Conviction and sentence Petitioner is Incarcerated in E.C.F. the true and complete Record is due to be Released by the Randolph County Clerk office And served upon All parties forth with (see foot note P. 3 of order issued on 15 march 06

## Reason For Delay

Alls did not Appeal his conviction on the Advise and Promises made by his Attorney Jones that the Plea Bargain was valid and that he would be Released in Eight(8) Years on Paroles Also he was told by Judge Segrest And Jones that if he filed an Appeal and get his conviction over turned the District Attorney would Re-indict him on the Capital murder Charge and seek the Death Penalty, Alls waited until After he was Denied Parole in 1998.

Alls begain to Challenge his conviction and sentence in 1998 by Attempting to get Copies of the case Record of CC-90-007 and ous by Letter and Request to the Circuit Clerk And the Court Alls Also wrote to Attorney Jones Requesting the case files from him.

Alls did in 2-22-99 file a motion to have his two life sentences Ran concurrant. This motion was Denied As was the Discovery motion.

In march 2002 Alls filed A complanit against Jones with the State Bar he finally Received Copies of the case Action Summary from the State Bar Along with Jones Reply.

Alls not being an attorney nor any knowledge about legal matter and having no legal help available attempted in the only manner that he knew to get the court record to try to get his conviction and sentence reversed by going to the law library and asking inmate for information.

Alls finally learn about the Rule 32 Post conviction Petition and begain to study it then did file a petition in April 11, 2005 CC-90-007-60 which is still pending in Randolph County Circuit. Alls also attempted to get the Court of Criminal Appeal CR-04-2427 and the Supreme Court 1050149 to compell Randolph to act on his pending Rule 32 petition to no avail there fore this instant habeas corpus petition.

Alls not having any knowledge of law and also being in an institution where it is a major rule violation for inmate to help or to do some one legal work, and getting no help from the court or the state bar has done the best he could do alls being incarcerated in a prison system where there is no qualified legal assistance available and no mean to be gainfully employed to be financially able to

hire an attorney, AllS did since 4-13-98 attempt to obtain the Record of this case to challenge this Illegal conviction.

AllS having no Financial mean to Retain Counsel and with limited knowledge in law should not be denied Justice because he is a poor Black man. Fact if AllS had the financial mean to Retain an attorney and to buy the Documented Records of this case he could then expect at least the oppertunity to have his claims of gross constitutional Right violation But it appear Burns v Ohio 360 US 252 The United State District Court are Just a Rubber stamp for the Racially corrupt Judicial system of Alabama if you are poor you are Guilty of any Crime you are accused by the gods District Attorney office. Justice must be Bought see Griffin v Illinois 351 US 12; 100 L ed 2d 891.

## Reason to Grant Writ

AllS would assert the following Reason that this writ should be granted of in the least allernative an evidence hearing be had to Review the total lack a Evidence the State has in this Instant case (a) The Respondant Attorney submit altered Record Case Action Summary

① A Post conviction Relief petition that is timely Filed is

Pending in Randolph County Circuit Court (see) Ex-Parte Pardue 797 So2d 409.

(C) The magistrate has stated in her order that Petitioner To Show Cause (Foot note P. 3)

(D) Respondant did not assert the AEDPA alleged time Bar which is not a mandatory limit but discretionary and can be tolled in the very Interest of Justice Lambert v US 44 F3d 296 Also Flanagan v Johnson 154 F3d 196.

(E) It is abundantly clear that the ▮▮▮▮▮ magistrate in this Cause has for some reason decided to do away with this instant petition (see the Show Cause order to Respondant)

(F) Alls avers that if the Records of this case are reviewed the fact that the State had absoulutely no evidence to connect Alls to this Crime except for the alleged sexual affair between him and ▮▮▮ Patsy the victim wife a 39 year white woman

### Prayer

Alls now pray that the magistrate will set a date for an Evidenduary hearing in the Cause.

Certificat of Sevice
Copy of this Reply has been mailed to Respondant Attorney by placing same in the Legal mail system at ECF on April 1 2006

Respectfully Submittd

Billy Alls
Billy Alls