Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

RELEASED
DEC 01 2006
CLERK
ALA COURT CRIMINAL APPEALS

H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-05-1953   Randolph Circuit Court CC-90-7.60 and CC-90-8.60

<u>Billy Gay Alls v. State of Alabama</u>

Baschab, Judge.

The appellant alleges that he was indicted for the capital offense of robbery-murder. In 1991, he pled guilty to the lesser included offenses of murder and first-degree robbery, and the trial court sentenced him to serve consecutive terms of life in prison on each conviction. The appellant did not appeal his convictions. On April 11, 2005, he filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily denied the petition. This appeal followed.

I.

The appellant argues that he is entitled to post-conviction relief because:

    1) he did not knowingly, voluntarily, and intelligently enter his guilty pleas; and

    2) his trial attorneys rendered ineffective assistance.[1]

Claims 1 and 2 are nonjurisdictional claims that are time-barred. See Rule 32.2(c), Ala. R. Crim. P. Because the appellant's claims were precluded, the circuit court properly summarily denied the petition. See Rule 32.7(d), Ala. R. Crim. P.

## II.

The appellant also argues that Judge Ray Martin, the circuit judge who entered the order denying his petition, did not have jurisdiction to rule on the petition. Specifically, he contends that the petition was originally assigned to another circuit judge, Judge Tom Young, and that the record does not indicate that Judge Young recused himself from the case or that his case was transferred to Judge Martin's docket. Although the record indicates that Judge Young ruled on the appellant's petition to proceed in forma pauperis, it does not indicate that this case was ever assigned to Judge Young. Further, the case action summary sheets in this case indicate that the case was assigned to Judge Martin.[2] For

---

[1] In his brief to this court, the appellant also argues that the trial court did not have jurisdiction to accept his guilty plea to first-degree robbery because he allegedly was not indicted for that offense. However, he did not present this claim in his original petition. Therefore, it is not properly before this court. See Morrison v. State, 551 So. 2d 435 (Ala. Crim. App. 1989). Also, in his reply brief, the appellant argues, for the first time, that the trial court erroneously sentenced him on the same day that he entered his guilty plea. However, new issues may not be raised for the first time in a reply brief. See McCall v. State, 565 So. 2d 1163 (Ala. Crim. App. 1990). Therefore, his argument is not properly before this court.

[2] The appellant asserts that this court has previously recognized Judge Young as the circuit judge to whom his case was assigned. However, he refers to a petition for a writ of

these reasons, the appellant's argument is refuted by the record.[3]

### III.

The appellant further argues that Judge Martin and the Randolph Circuit Clerk have falsified court records and that he is being denied his right to due process. However, his claims consist of bare allegations that are not supported by the record on appeal. Therefore, he is not entitled to relief on these claims.

### IV.

The appellant next appears to argue that the circuit court erroneously considered the State's response because it was not timely filed. However, Rule 32.7(a), Ala. R. Crim. P., provides that the State shall file a response "[w]ithin thirty (30) days after the service of the petition, or within the time otherwise specified by the court." (Emphasis added.) Also, the circuit court implicitly extends the time period for filing a response when it accepts the State's untimely response. See Owens v. State, 659 So. 2d 977 (Ala. Crim. App. 1994). It appears that the circuit court accepted the State's response to the appellant's petition. Also, the appellant has

---

mandamus he filed in this court. (CR-04-2427) In that petition, the appellant designated Judge Young as the respondent judge. Therefore, this court did not recognize Judge Young as the circuit judge to whom the case was assigned.

[3]In his brief, the appellant attached various documents that he claims support his argument that the case was originally assigned to Judge Young and that the Randolph Circuit Clerk has falsified court records. However, "attachments to briefs are not considered part of the record and therefore cannot be considered on appeal." Huff v. State, 596 So. 2d 16, 19 (Ala. Crim. App. 1991). This court is bound by the record on appeal and cannot consider facts not contained in the record. See Smith v. State, 745 So. 2d 922, 930 (Ala. Crim. App. 1999). Therefore, we will not consider the appellant's attachments to his brief.

not shown that he was prejudiced by the State's delay in filing a response. Id. Therefore, his argument is without merit.

V.

Finally, the appellant argues that the circuit court erred when it did not grant his motion for discovery. However, he did not present this argument to the circuit court. Therefore, it is not properly before this court. See Whitehead v. State, 593 So. 2d 126 (Ala. Crim. App. 1991). Moreover, the appellant did not set forth sufficient information to show good cause as to why the requested materials were necessary. Therefore, his argument is also without merit. See Ex parte Land, 775 So. 2d 847 (Ala. 2000).

For the above-stated reasons, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Wise, J., concur; Cobb and Shaw, JJ., concur in the result.