IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| BILLY GAY ALLS, #161 437 | * | |
| Petitioner, | * | |
| v. | * | 3:05-CV-1228-MEF |
| | | (WO) |
| GWENDOLYN MOSLEY, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Billy Alls ["Alls"], a state inmate, on December 23, 2005.  Alls seeks to challenge his convictions, pursuant to his pleas of guilty, for murder and first degree robbery entered against him by the Circuit Court for Randolph County, Alabama, on February 4, 1991.  Alls did not appeal his convictions.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]  Specifically, Respondents assert that because Alls' conviction became final before the effective date of the AEDPA, he was allowed until April 24, 1997 in which to file a § 2254 petition.   Although Alls filed a state post-conviction petition challenging his  convictions on April 11, 2005, Respondents assert

_____

[1]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

that it had no effect on the limitation period as Alls' collateral challenge was filed after the

limitation period expired.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000);

*Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). Because Alls' convictions became

final prior to April 24, 1996, he had until April 24, 1997 to challenge his 1991 murder and

first degree robbery convictions.

Based on Respondents' argument, the court entered an order advising Alls that he had

failed to file the present federal habeas petition within the one-year limitation period

established by 28 U.S.C. § 2241(d)(1). ( *Doc. No. 19.*)  The order also gave Alls an

opportunity to show cause why his petition should not be barred from review by this court.

(*Id.*)  In his responses to this order, Alls argues that his petition should not be time-barred

because he is ignorant of the law and uneducated.   Alls further alleges that he is actually

innocent of the crimes for which he was convicted. (*See Doc. Nos. 1, 9, 25, 26.*)

## I.  DISCUSSION

*A.  Actual Innocence*

This court must determine whether Alls has demonstrated his actual innocence before

addressing Respondents' assertion that the instant petition is barred by the statute of

limitations. *See Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir.

2000).  In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court held:

> To be credible, . . . a claim [of actual innocence] requires
> petitioner to support his allegations of constitutional error with
> new reliable evidence – whether it be exculpatory scientific
> evidence, trustworthy eyewitness accounts, or critical physical
> evidence – that was not presented at trial.

*Id*. at 324.

Here, the court finds that Alls presents only a self-serving and conclusory allegation that he is actually innocent arguing that the State did not have enough evidence against him to sustain his convictions and failed to disclose exculpatory evidence of alibi witnesses, and that the record is silent as to whether he was ever indicted. (*See Doc. Nos. 1, 9, 25, 26, 48.*) Notwithstanding his assertion of actual innocence, Alls waited more than eight years after the grace period expired before presenting his federal claims. Alls has submitted no "new reliable evidence" to support his claims nor has he suggested that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. His mere contention that he is actually innocent of the crimes of his convictions is not supported by the record or any credible evidence. The court, therefore, concludes that Alls has failed to demonstrate his actual innocence.

## B.  Statutory Tolling

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court.   28 U.S.C. § 2244(d)(1).[2]  28 U.S.C. §

---

[2]This section provides:

> (1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
>> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)      the date on which the impediment to filing an

2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Alls was convicted of murder and first degree robbery by the Circuit Court for Randolph County on February 4, 1991. Since Alls failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of this conviction. By operation of law, Alls' conviction, therefore, became final on March 18, 1991 -- forty-two days after imposition of sentence, as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.

From the foregoing, it is clear that Alls' murder and first degree robbery convictions became final prior to enactment of the AEDPA. Thus, if the AEDPA were applied retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Alls' convictions on March 17, 1992. However, the Eleventh Circuit has held that

> application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Alls], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11ᵗʰ Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11ᵗʰ Cir. 1998).  The Court further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date."

As previously noted, Alls' convictions became final in March 1991.  The applicable limitation period therefore began to run on April 24, 1996 upon enactment of the AEDPA and ran uninterrupted until its expiration.  Thus, the time allowed Alls for the filing of a federal habeas petition expired on April 24, 1997.  Alls' first collateral petition was filed on April 11, 2005, almost eight years after the applicable limitation period expired.  Consequently, it had no effect on the limitation period.[3] *See Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1335 n.4.

The instant habeas petition was filed on December 23, 2005.  Under the circumstances of this case, the reasonable time period afforded Alls under *Goodman* and *Wilcox* expired more than eight years before he filed this federal habeas petition.

---

[3]Alls' amendment to his habeas application filed on March 23, 2007 reflects that the trial court denied his Rule 32 petition during the pendency of the instant action. On December 1, 2006 the Alabama Court of Criminal Appeals affirmed the lower court's decision and subsequently denied his application for rehearing on December 15, 2006.  The Alabama Supreme Court denied Alls' petition for writ of certiorari on February 9, 2007.  (*See Doc. No. 48, Exhs. 1a, 1b, 2.*)

*C. Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.*

Alls argues as grounds for equitable tolling that he is uneducated and ignorant of the law.[4] Alls' *pro se* status and ignorance of the law, however, are insufficient grounds on which to toll the limitation period. *See Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is insufficient rationale for equitable tolling); *Turner v. Johnson,*

---

[4]Alls maintains that appointed counsel told him that if he would enter a guilty plea, he would receive a sentence of 20 years and be paroled in eight years. Alls concedes that this "agreement" was not presented to the court at the plea hearing. Nonetheless, Alls maintains that because he is not familiar with the law he served eight years of his sentence and when he did not make parole after that time period, only then did he decide to challenge his convictions. (*Doc. No. 25 at 5-6*) Specifically, Alls alleges that he sought to challenge his convictions beginning in April 1998. He submits case action summary sheets in support of this assertion although the court notes that the case numbers for some of the docket sheets are blacked out. Nonetheless, assuming, *arguendo*, that the information pertains to Alls' criminal records made the subject of the instant petition, they do not support his contention that he began to collaterally challenge his convictions and/or sentence beginning in 1998. Rather, these documents simply reflect that Alls filed various miscellaneous motions with the trial court in 1998, 1999, and 2002. (*See Doc. No. 25, Exhs. 1a, 1b.*)

177 F.3d 390, 392 (5th Cir.1999) (neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000) (same); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling not warranted to prisoner claiming he lacked access to federal statutes and case law). Further, any contention Alls may advance that the claims he presents for review are jurisdictional in nature and, thus, not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A) is unavailing as neither 28 U.S.C. § 2244(d) nor federal case law makes such an exception for jurisdictional issues arising under state law.

Based on the foregoing analysis, the court concludes that Alls has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until he filed this cause of action. The reasons set forth by Alls for his untimeliness are insufficient to establish the extraordinary circumstances required to toll the limitation period. The factual predicate of the claims were available to Alls at the time of his convictions and sentence. Further, the claims presented in this petition are not based on a newly recognized constitutional right.

There is no evidence in the record tending to show that Alls' delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. Alls presents nothing which demonstrates

that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Alls] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, Alls is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Billy Alls be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before April 17, 2008. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 4th day of April, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE